**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **DENISE A. LEWIS,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL ACTION FILE NO.** |
| | : | **1:08-CV-3516-AJB** |
| v. | : | |
| | : | |
| **GEORGIA DEPARTMENT OF** | : | |
| **HUMAN RESOURCES,** | : | |
| | : | |
| Defendant. | : | |

## ORDER AND MEMORANDUM OPINION[1]

Currently before the Court are Plaintiff's October 19, 2009, *pro se* letter construed as a Rule 41(a)(2) Motion to Dismiss, [Doc. 32], and Defendant's Request for Extension of Time to File Dispositive Motions, [Doc. 35]. For the reasons discussed below, the Court **GRANTS** Plaintiff's construed Rule 41(a)(2) Motion to Dismiss, [Doc. 32], **ON THE CONDITION** that Plaintiff **PAYS** "the amount Defendant incurred when taking Plaintiff's deposition." Also, the Court **DENIES AS MOOT** Defendant's Motion for an Extension of Time. [Doc. 35].

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge on March 2, 2009, [Doc. 9], and the District Court ordered that the case be referred to the undersigned for all proceedings on March 10. [Doc. 13]. As a result, this Order constitutes an order of the Court.

AO 72A
(Rev.8/82)

## I. INTRODUCTION

On November 14, 2008, Plaintiff, represented by counsel, filed a one-count civil action alleging that the Georgia Department of Human Resources ("Defendant") violated the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). [Doc. 1]. Defendant filed an answer on January 30, 2009. [Doc. 2]. Following Plaintiff's deposition, Plaintiff's attorney moved to withdraw from the case, [Doc. 23], and the Court granted the motion over Plaintiff's objection, [Docs. 24, 31]. Plaintiff was given until October 21, 2009, to notify the Court whether she intended to retain new counsel or proceed in this action *pro se*. [Doc. 31].

Plaintiff then filed a *pro se* letter indicating that she wanted the case dismissed, which the Court construes as a Rule 41(a)(2) motion to dismiss. [Doc. 32]. Defendant responded that it had no objection to Plaintiff's motion, but requested that Plaintiff be taxed the costs of taking her deposition as a condition of dismissal. [Doc. 34 at 1]. On November 9, 2009, Defendant then filed a motion for summary judgment. [Doc. 36]. The Clerk sent Plaintiff a Notice to Respond to Summary Judgment on November 17, [Doc. 40], and Plaintiff sent a letter to the Clerk indicating that she only recently received the notice, which the Clerk construed as a motion for an extension of time. [Doc. 42].

2

## II. PLAINTIFF'S CONSTRUED MOTION TO DISMISS, [DOC. 32]

Plaintiff states that she seeks dismissal of the case "with great distress" because she has been unable to locate affordable representation. Plaintiff then lists a number of problems and complaints concerning her former attorney. She concludes by stating, "I cannot defend myself in the court realm as I do not know law. I would not attempt to perform surgery as I am not a surgeon[.] I have no other choice but to dismiss the matter." [*See* Doc. 32]. Defendant responds that it does not object to the dismissal, but requests that Plaintiff be taxed the amount incurred for her deposition as a condition of dismissal. [Doc. 35]. Plaintiff has not responded to this request. [*See* Dkt.].

Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissals of cases. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."). This Rule provides in relevant part:

> **(2)** *By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2) (emphasis added). A district court enjoys broad discretion in determining whether to allow a Rule 41(a)(2) voluntary dismissal. *Pontenberg v.*

3

AO 72A
(Rev.8/82)

*Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). When a district court exercises its discretion under Rule 41(a)(2), the court "must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.'" *Id.* at 1256 (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986)). Also, in exercising its discretion, a "court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991). In dismissing a case under Rule 41(a)(2), a court may assess costs and fees associated with the action. *See Ortega Trujillo v. Banco Central Del Ecuador*, 379 F.3d 1298, 1301 (11th Cir. 2004) (noting that usual conditions attached to a voluntary dismissal involve paying costs or expenses); 8-41 Moore's Fed. Pract. – Civil § 41.40[d][1] ("Payment of defendant's costs of litigation is a proper condition of dismissal under Rule 41(a)(2), and may be imposed sua sponte. Costs should ordinarily be awarded as a condition to a dismissal without prejudice . . . .") (footnotes omitted).[2]

---

[2] An award of costs and attorney's fees is, however, not generally given when a voluntary dismissal is granted with prejudice. 8-41 Moore's Fed. Pract. – Civil § 41.40[d][viii].

4

The Court concludes that it is appropriate to grant Plaintiff's request for dismissal of her case because it is unopposed by Defendant. Although Defendant does not oppose Plaintiff's dismissal request, Defendant asks that "Plaintiff be taxed the amount Defendant incurred when taking Plaintiff's deposition," if the case is dismissed, [Doc. 34 at 1], and Plaintiff has not filed a response opposing this condition, [*see* Dkt.]. The Court may dismiss a case "on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), and a condition of costs and expenses is often imposed when a court dismisses a case without prejudice pursuant to Rule 41(a)(2), *see Ortega Trujillo*, 379 F.3d at 1301; *McGregor v. Board of Comm'rs of Palm Beach County*, 956 F.2d 1017, 1021 (11th Cir. 1993) (noting that "it is common to condition dismissal on the payment of the defendant's costs"). The Court finds that Defendant's request is an appropriate condition of dismissal given the case law, Plaintiff's failure to respond to Defendant's request, and the expenses incurred by Defendant in defending this litigation. As a result, dismissal shall be granted upon Plaintiff's payment of costs associated with taking Plaintiff's deposition.

Accordingly, the Court **GRANTS** Plaintiff's construed motion for Rule 41(a)(2) dismissal **ON THE CONDITION THAT** Plaintiff **PAY** the costs associated with her deposition. Defendant **SHALL** file a bill of costs associated with taking Plaintiff's

5

deposition within **fourteen (14)** days. Plaintiff may file a response **fourteen (14)** days after receiving the bill of costs. Once the costs' issue is resolved and costs are paid, the Court shall enter a final order and a judgment in this case.[3]

### III. DEFENDANT'S MOTION FOR EXTENSION OF TIME, [DOC. 35]

Defendant sought a motion for extension of time to file dispositive motions because it would be unnecessary to file a motion for summary judgment if the Court granted Plaintiff's motion for voluntary dismissal. As a result, Defendant requested that the deadline for filing dispositive motions be postponed until 10 days after the Court rules on Plaintiff's motion. [*See* Doc. 35].

---

[3] If Plaintiff accepts dismissal with these conditions, Defendant has an enforceable judgment which it can execute. However, if Plaintiff views the money judgment as too high a price to pay for a voluntary dismissal without prejudice, she has two options: (1) decline to dismiss and decline to pay by withdrawing her motion for dismissal, thereby taking her chances on summary judgment; or (2) accept the dismissal and decline to pay, which will result in the case being dismissed with prejudice. *See Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 131 n.13 (5th Cir. 1978); Wright & Miller, 9 Fed. Pract. & Proc. § 2366 (3d ed.) ("The plaintiff has an option not to go forward with a dismissal if the conditions specified by the court seem to onerous. If the plaintiff accepts dismissal but does not meet the conditions, the order of dismissal may be made with prejudice.") (footnotes omitted). The Court notes that if Plaintiff loses on summary judgment, she will be subject to costs (but not attorney's fees) of the entire litigation pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure.

AO 72A
(Rev.8/82)

Instead of awaiting an order on its motion for an extension of time, Defendant timely filed its motion for summary judgment on November 9, 2009. [*See* Doc. 36]. Accordingly, the Court **DENIES AS MOOT** Defendant's motion for an extension of time to file dispositive motions. [Doc. 35].[4]

**IV. CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Plaintiff's Rule 41(a)(2) Motion to Dismiss, [Doc. 32], **ON THE CONDITION THAT** Plaintiff **PAYS** "the amount Defendant incurred when taking Plaintiff's deposition." Defendant **SHALL** file a bill of costs associated with taking Plaintiff's deposition within **fourteen (14)** days of this Order, and Plaintiff may file a response within **fourteen (14)** days of receiving the bill of costs. A final order on Plaintiff's motion and judgment **SHALL NOT** be entered until the costs issue is resolved. Additionally, the Court **DENIES AS MOOT** Defendant's Motion for an Extension of Time. [Doc. 35].

---

[4] The Court **DEFERS** ruling on Defendant's motion for summary judgment, [Doc. 36], and Plaintiff's construed motion for an extension of time to respond to the summary judgment motion, [Doc. 42], until final resolution of Plaintiff's Rule 41(a)(2) motion for voluntary dismissal.

7

**IT IS SO ORDERED**, this   26th    day of  January  , 2010.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)